**In re 48TH STREET STEAKHOUSE, INC., Debtor.**

**48TH STREET STEAKHOUSE, INC.,**
**Plaintiff-Appellee,**

**v.**

**ROCKEFELLER GROUP, INC.,**
**Rockefeller Center Properties,**
**Defendants-Appellants,**

**and**

**I.S.H. Liquidating Corp. and Dornbush Mensch & Mandelstam, Defendants.**

No. 86 Civ. 5313 (KTD).

United States District Court,
S.D. New York.

March 19, 1987.

Judgment Affirmed Dec. 15, 1987.

---

Angel & Frankel, P.C., New York City, for 48th Street Steakhouse, Inc. debtor and debtor-in-possession and plaintiff-appellee; Bruce Frankel, Ira R. Abel, of counsel.

William T. Livingston, III, New York City, for defendants-appellants.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Judge Learned Hand was a master of the English language and Judge Henry Friendly was a master of legal reasoning. Yet, a combination of the two would have difficulty in figuring out exactly why Rockefeller Group, Inc. and Rockefeller Center Properties have brought this case to this court at this time. The appellants' brief and reply brief are a collection of words positioned so as to be almost totally devoid of meaning. This much is clear: there has already been an appeal in this bankruptcy adversary proceeding, that appeal was decided by Judge McMahon of this court, an appeal to the Second Circuit from Judge McMahon's Order is being held in abeyance, and no matter what happens on this appeal the Rockefeller interests are going to try to reopen the record in the Bankruptcy Court so that there can be another appeal. Of course, one must question the *bona fides* of this mushrooming litigation but there seems to be absolutely no economic benefit to the appellants because of the delay they have engendered. Thus, I am loath to assess sanctions against them at this posture.[1]

This is an appeal from an Order of Judge Tina L. Broznan of the United States Bankruptcy Court for the Southern District of New York dated May 22, 1986, 61 BR 182, prohibiting the appellant-landlord from interfering with the possession of certain premises by the appellee-debtor-in-possession. While I have been afforded no help, by way of assignment of error or argument by counsel for the Rockefeller interest, I have reviewed the record to see if there is some basis for this appeal. There is none.

The Order appealed from is affirmed in all respects on the basis of the opinion below.

SO ORDERED.

---

1. A short quotation from appellants' brief at page 6, should suffice:

> RGI and RCP omitted to offer proof or argument addressed to their third affirmative defense, that of (loosely) breach of the lease by change in operating control of the debtor, as a tactical decision based on the proof then available. In consequence of investigation following upon the RICO case motions, new evidence has been discovered on this issue also. As soon as is possible, the new evidence discovered will be presented in support of a motion in the bankruptcy court to reopen and rehear the Decision and Order appealled [sic] from.

> First, however, we must complete this Brief. The appellants offer no explanation as to why affirmative factual defenses were put forth when appellants had absolutely no proof of the validity of such defenses. From what I can presently glean from the record and without foreclosing further evidence, the appellants are still totally without such proof. This type of baseless issue raising is exactly what Rule 11 is intended to curtail.