**In re McMAHON BOOKS, INC., Debtor.**

**McMAHON BOOKS, INC., Plaintiff,**

**v.**

**NEW CASTLE ASSOCIATES,
et al., Defendants.**

**Bankruptcy No. 93–780.
Adv. No. A–93–157.**

United States Bankruptcy Court,
D. Delaware.

Nov. 1, 1994.

**870**

L. Vincent Ramunno, Ramunno & Ramunno, Wilmington, DE, Paul J. Wintherhalter,

D. Ethan Jeffery, Ciardi & DiDonato, Philadelphia, PA, for McMahon Books, Inc.

Michael S. Silberman, Silberman, Markovitz & DiFilippo, Philadelphia, PA, for New Castle Associates, et al.

PETER J. WALSH, Bankruptcy Judge.

## INTRODUCTION

Before the court is a motion by Defendants New Castle Associates, *et al.* to dismiss the Complaint filed by Plaintiff–Debtor McMahon Books, Inc. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201,[1] injunctive relief pursuant to 11 U.S.C. § 105(a),[2] and relief pursuant to the Delaware Landlord–Tenant Code, 25 *Del.C.* § 5109 (1993).[3] Defendants seek dismissal pursuant to Fed. R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) (Fed.R.Bank.P. 7012).[4] Defendants also seek sanctions against Plaintiff pursuant to Fed. R.Civ.P. 11 (Fed.R.Bankr.P. 9011).

I conclude that this court has subject matter jurisdiction over the three counts of the Complaint. However, for the reasons set forth below, I abstain from exercising that jurisdiction because of the jurisdiction reserved for these matters by the United States District Court for the District of Delaware. Moreover, even if I were to exercise jurisdiction over Count I, I doubt whether the relief requested could be granted because of the doctrine of collateral estoppel. Furthermore, with respect to Count III, I believe that Plaintiff has failed to state a claim upon which relief can be granted.

---

1. 28 U.S.C. § 2201 provides, in pertinent part:
 In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleadings, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.
 28 U.S.C. § 2201(a).

2. 11 U.S.C. § 105 provides, in pertinent part:
 The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.
 11 U.S.C. § 105(a).

3. The Delaware Landlord–Tenant Code provides:

 If the landlord does not sign a written rental agreement which has been signed and tendered to him by the tenant, acceptance of rent without reservation by the landlord shall give to the rental agreement the same effect as if it had been signed by the landlord.
 25 *Del.C.* § 5109 (1993).

4. Federal Rule of Civil Procedure 12(b) provides:

 The following defenses may at the option of the pleader be made by motion:
 (1) lack of jurisdiction over the subject matter, ...
 (6) failure to state a claim upon which relief can be granted.
 Fed.R.Civ.P. 12(b)(1), (6).

## FACTS

Plaintiff McMahon Books, Inc. (the "Debtor") is a Delaware corporation which operates a retail bookstore in the Christiana Mall in Newark, Delaware. Defendants are New Castle Associates, a limited partnership which owns the mall; Pan American Associates, its general partner; Richard I. Rubin & Company, general partner of Pan American; and Richard I. Rubin & Co., Inc., the mall management company (collectively referred to as "the Landlord"). In December 1977 Gordon McMahon ("McMahon") entered into a 10–year lease with the Landlord for space in the mall. In March 1978 he incorporated the Debtor, and as sole shareholder serves as its president. The Debtor has occupied the leased premises since the mall opened in September 1978.

The Debtor has always paid the rent (except for one rent payment for June 1993, which was not made at all) and otherwise performed all obligations of the tenant of the premises.

McMahon acted as representative plaintiff in a class action suit filed in October 1987 against the Landlord, alleging, *inter alia,* that the Landlord overcharged mall tenants for electrical services. That action, captioned *Gordon McMahon, et al. v. New Castle Assocs., et al.,* 687 F.Supp. 138 (D.Del. 1988), and currently pending in the United States District Court for the District of Delaware ("the District Court"), was settled by agreement executed in March 1991 (the "Settlement Agreement") and approved by the District Court by an order dated April 30, 1991 (the "Order"). Pursuant to the Settlement Agreement, the Landlord is obligated "to execute a new lease with Gordon McMahon, t/a McMahon Books, Inc. ... for a term of ten (10) years, commencing January 1, 1991." Settlement Agreement ¶ 5.02. The Settlement Agreement provides that the lease should be "in the general form now utilized by the Mall for new tenants," and provides three specific terms relating to square footage, percentage rent, and percentage rent gross sales base. *Id.* Paragraph 5.02 was designed to assure McMahon that the Landlord would not retaliate against him for his services in representing the plain-

tiff class in the action. The Settlement Agreement also provides that:

(1) the court "shall retain jurisdiction over [the] action until March 1, 2001 or the completion of Defendants' obligations under [the] Settlement, whichever date is later," ¶ 3.08;

(2) "[i]f, for any reason, Defendants ... fail to comply with any other provision of this Settlement, Plaintiffs shall have the right to obtain specific performance from this Court of any provision of the Settlement," ¶ 7.10 and

(3) "the Court shall retain jurisdiction for the purpose of enforcing the terms of this Settlement," *id.* Furthermore, the District Court order approving the Settlement expressly provides that "[j]urisdiction is hereby reserved over all matters relating to the administration and effectuation of the Settlement." Order at ¶ 10.

No new lease was entered into between the Landlord and McMahon. The Debtor alleges in its Complaint that it and the Landlord have agreed to "substantially all material terms of a New Lease". Complaint ¶ 15. However, the parties have failed to agree on all the material terms of a form of lease. The Debtor continues to pay rent under, and honor all terms and conditions of, the original lease. McMahon filed three motions—in June '91, October '91, and October '92—in the District Court to compel the Landlord's compliance with the Settlement Agreement. All three motions were denied by the District Court, in July 1991, August 1992, and June 1993, respectively. Specifically, Judge Roth first ordered the Landlord to continue negotiations to comply with paragraph 5.02, but refused to order it to sign McMahon's proposed form of lease, stating that such action constituted judicial endorsement of lease terms that are not contemplated by the Settlement Agreement. McMahon's proposed form of lease at that time left a number of provisions blank or incomplete, such as the trade name to be used, a possible security deposit, and use of the premises. Judge Roth stated that because none of these terms is contemplated by the Settlement Agreement, she was without power to order the Landlord to agree to McMahon's omission of information falling into these categories.

Judge Longobardi denied the second request, stating that the phrase "general form now utilized by the Mall for new tenants" is not ambiguous and that the real issue, which he did not feel was ripe for decision, was whether the Landlord's failure to negotiate the blanks in the general form amounts to a retaliation under paragraph 5.02. Judge Longobardi later denied the third motion, quoting Judge Roth's comments indicating that the District Court cannot "make the agreement for the parties." Transcript for April 14, 1993 at 15.

The Debtor filed its voluntary petition under Chapter 11 on July 6, 1993, and in August, pursuant to 11 U.S.C. § 365, filed a motion to assume the December 1977 lease between McMahon and the Landlord. At a hearing before Judge Balick of this court, McMahon testified that he had not assigned the lease to the Debtor. Judge Balick denied the motion, finding that because the Debtor was not a party to the original lease, there was no executory contract for it to assume.

Subsequently, the Debtor commenced this adversary proceeding. The Complaint seeks a declaration that:

the corporation is the true benefactor and obligor under the Settlement Agreement and that the parties shall conform a New Lease Agreement with all terms specified under the Settlement;

the corporation is the beneficial owner of the tenancy rights under the Settlement, which rights are property of the bankrupt estate; and

the corporation is entitled to a 10–year extension of the Lease commencing October 1, 1993 under normal business terms.

Complaint ¶¶ 20(a)(b) and (c).

The Complaint also seeks an injunction enjoining the Landlord from evicting or dispossessing the Debtor from the Christiana Mall premises. Finally, it seeks, pursuant to the Delaware Landlord–Tenant Code, a declaration that a new lease exists under terms consistent with and as outlined in the Settlement Agreement.[5]

The Landlord filed a motion to dismiss the Complaint and for sanctions. Pursuant to Fed.R.Bankr.P. 7012(b), it seeks dismissal on the grounds that this court does not have subject matter jurisdiction and that the Debtor has failed to state a claim upon which relief can be granted. Pursuant to Fed. R.Bankr.P. 9011(a), it also seeks sanctions against the Debtor.

## DISCUSSION

The Debtor argues that this court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and (d)[6] and 28 U.S.C. § 157,[7] asserting that this is a core proceeding within the meaning of § 157(b)(2)(A) & (M) as a "matter concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A), and, specifically, a request for an "order approving the . . . lease of property," 28 U.S.C. § 157(b)(2)(M),[8] as well as 11 U.S.C. § 105(a).[9] It also argues

---

5. The Delaware Landlord–Tenant Code provides:
 If the landlord does not sign a written rental agreement which has been signed and tendered to him by the tenant, acceptance of rent without reservation by the landlord shall give to the rental agreement the same effect as if it had been signed by the landlord.
 25 Del.C. § 5109 (1993).

6. 28 U.S.C. § 1334(b) and (d) provide:
 (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
 (d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wher-

ever located, of the debtor as of the commencement of such case, and of the property of the estate.

7. 28 U.S.C. § 157 provides, in pertinent part:
 Bankruptcy judges may hear and determine . . . all core proceedings arising under title 11 . . .
 28 U.S.C. § 157(b)(1).

8. This is not a motion "to terminate, annul or modify the automatic stay," as incorrectly suggested by the Debtor in its Complaint. See 28 U.S.C. § 157(b)(2)(G).

9. Section 105 provides, in pertinent part:
 The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

that this court has subject matter jurisdiction to determine the property rights of a debtor pursuant to 11 U.S.C. § 541. According to the Debtor, the Landlord "knew, acknowledged and continuously acted with the clear understanding that the Debtor, as opposed [to] Gordon McMahon, individually, was actually in possession of the leasehold and the party paying rent under the original lease." Complaint ¶ 17. It also argues that because the Landlord entered into a landlord waiver with the Debtor as a tenant in September 1983, it thereby acknowledged the Debtor as the proper tenant. While it acknowledges that it is not a tenant under the December 1977 lease, the Debtor argues that the facts and circumstances of this case indicate that it has a property interest in the new lease which was contemplated by the parties to the Settlement Agreement. It argues that it is the successor to McMahon, and therefore is entitled to all rights, benefits, interests and obligations under the Settlement Agreement, including the obligation to enter into a new lease. Alternatively, the Debtor argues it is a third-party beneficiary of the Settlement Agreement.

The Landlord responds, that because the Debtor was not party to the original lease, the class action suit, or the Settlement Agreement, neither the original lease nor the right to a new lease are property of the estate, and nothing inures to the benefit of the Debtor. Furthermore, it asserts that the Complaint concerns the administration and effectuation of the Settlement Agreement, over which the District Court expressly reserved jurisdiction pursuant to its Order approving the settlement.

 The bankruptcy court's jurisdictional mandate is quite broad. It has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Whether the counts of the Complaint are deemed core or non-core proceedings, they are covered by this mandate. Furthermore, a bankruptcy court has "exclu-

11 U.S.C. § 105(a).

**10.** While some have argued that a § 1334(c)(1) abstention is applicable only to an alternative

sive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the property of the estate." 28 U.S.C. § 1334(d). While the nature and extent of the Debtor's interest in the leasehold is not settled, and need not be decided here, it is clear that whatever that interest is, it is property of the estate within the contemplation of 11 U.S.C. § 541 and this court has subject matter jurisdiction over the causes of action. Consequently, I deny the Landlord's Fed.R.Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. However, I will treat the landlord's position as a motion to abstain pursuant to 28 U.S.C. § 1334(c)(1). Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Thus, notwithstanding the broad grant of jurisdiction of § 1334(b) and (d), this court may decline to exercise its jurisdiction in the interest of justice.[10]

I will address the abstention issue applicable to each of the three counts of the Complaint.

*Count I*

 Under the terms of the Settlement Agreement and the Order, the District Court reserved jurisdiction for all matters relating to the effectuation and administration of the Settlement Agreement. Specifically, the Settlement Agreement provides that:

(1) the court "shall retain jurisdiction over [the] action until March 1, 2001 or the completion of Defendants' obligations under [the] Settlement, whichever date is later," ¶ 3.08;

(2) "[i]f, for any reason, Defendants ... fail to comply with any other provision of this Settlement, Plaintiffs shall have the right to obtain specific performance from this Court

state court proceeding, the correct interpretation is that it is not limited to state court proceedings. *In re Apex Oil Co.,* 980 F.2d 1150, 1152 (8th Cir.1992).

of any provision of the Settlement," ¶ 7.10 and

(3) "the Court shall retain jurisdiction for the purpose of enforcing the terms of this Settlement," *id.* Furthermore, the District Court order approving the Settlement Agreement expressly provides that "[j]urisdiction is hereby reserved over all matters relating to the administration and effectuation of the Settlement." Order at ¶ 10.

In Count I, the Debtor requests declaratory relief pursuant to 28 U.S.C. § 2201, alleging rights that stem directly from the Settlement Agreement. In its prayer for relief the Debtor states that it is the "true benefactor and obligor under the Settlement Agreement. . . ." Complaint ¶ 20(a). The Debtor specifically avers that any benefits to it stem directly from McMahon individually: "The Debtor, as successor [to] Gordon McMahon, is entitled to all rights, benefits, interests and obligations under the Settlement Agreement with Defendants, including the obligation to enter a New Lease." Complaint, ¶ 16. In its response to defendants' motion to dismiss, the Debtor avers: "It is admitted that the Debtor's Complaint seeks to gain a lease agreement pursuant to the terms and obligations [of] the Settlement Agreement." Response ¶ 2(ii).

Thus, the Debtor's cause of action is unequivocally premised on whatever rights it has arising out of the Settlement Agreement. But the administration and effectuation of the Settlement Agreement is expressly reserved to the District Court; and I therefore deem it clearly to be "in the interest of justice" for this court to abstain from exercising jurisdiction over the matter.

The holding in *Willoughby v. Potomac Electric Power Company,* 853 F.Supp. 174, 176 (D.Md.1994) is instructive here. In *Willoughby,* the plaintiff (Willoughby) sued his former employer ("Pepco") for wrongful termination. Suit was filed in the District Court for the District of Maryland. Pepco sought transfer of the case to the District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a) which authorizes transfer to another district "for the convenience of the parties and witnesses (or) in the interest of justice." Willoughby, a white

male, contended that he was an intended beneficiary of a settlement agreement and ensuing consent decree pursuant to a prior class action suit brought against Pepco by African American and female plaintiffs. The consent decree specifically provided that the District of Columbia court retained jurisdiction over the action for purposes of entering appropriate orders, judgments and decrees. While the Maryland court transferred the case primarily on the basis of convenience of the parties and witnesses, it also considered the "interest of justice" element of § 1404(a).

> This cause is tightly intertwined with the Consent Decree recently issued by the District of Columbia Court, which, as a matter of policy if for no other reason should resolve this dispute. Indeed, generally speaking a district court that enters a consent decree and retains enforcement jurisdiction in all probability has exclusive jurisdiction over claims relating to it.

*Id.* at 176. *See also Cooper–Jarrett, Inc. v. Central Transport, Inc.,* 726 F.2d 93, 96 (3d Cir.1984) (holding that when a Chapter 11 setoff claim was intertwined with the enforcement of a settlement agreement, the matter is "particularly suited for resolution by the district court" in which the settlement agreement was negotiated).

In the present situation, the District Court has retained jurisdiction as to all matters concerning the effectuation and administration of the Settlement Agreement. As in *Willoughby,* the Debtor's claims in the instant action are "tightly intertwined" with the Settlement Agreement.

The situation here is directly analogous to the situation in *United States v. American Society of Composers, Authors and Publishers,* 832 F.Supp. 82 (S.D.N.Y.1993), *aff'd* 32 F.3d 727 (2d Cir.1994). In *American Society of Composers,* the petitioner, a member of the American Society of Composers, Authors and Publishers ("ASCAP"), moved to vacate a prior court order made pursuant to a consent decree (Consent Decree) between the government and ASCAP for lack of subject matter jurisdiction. Section XVII of the ASCAP Consent Decree provided:

Jurisdiction of this cause is retained for the purpose of enabling any of the parties to this Amended Final Judgment to make application to the Court for such further orders and directions as may be necessary or appropriate in relation to the construction of or carrying out of this Judgment, for the modification thereof, for the enforcement of compliance therewith and for the punishment of violations thereof.

*American Society of Composers,* 832 F.Supp. at 85. The petitioner argued that the matter in question did not present a question arising under the Constitution, laws or treaties of the United States nor was there diversity of citizenship. *Id.* at 85. The district court held, however, that the court retained exclusive jurisdiction over matters relating to the construction and enforcement of the Consent Decree, as well as for any orders that amend the decree. In retaining exclusive jurisdiction over the Consent Decree, the district court reasoned that "[t]he need to retain the Court's jurisdiction over such matters arises from the imperative of avoiding the risk of subjecting the Consent Decree to inconsistent interpretations that would tend to interfere with or frustrate this Court's jurisdiction over the Decree." *Id.* at 86. *See also United States v. International Bhd. of Teamsters,* 907 F.2d 277, 280–81 (2d Cir.1990) (affirming injunction barring collateral lawsuits by non-parties to consent decree in any other forum where such actions posed significant risk of subjecting consent decree to inconsistent interpretations); *Yonkers Racing Corp. v. City of Yonkers,* 858 F.2d 855, 864 (2d Cir.1988) (affirming removal of non-parties' state law actions to federal court where those actions might have frustrated implementation of a consent decree), *cert. denied,* 489 U.S. 1077, 109 S.Ct. 1527, 103 L.Ed.2d 833 (1989).

The situation here is also analogous to that in *In Re Diaz Contracting, Inc.,* 817 F.2d 1047 (3d Cir.1987). In *Diaz* the debtor brought an adversary proceeding on a breach of contract cause of action, a matter clearly within the bankruptcy court's § 1334(b) jurisdiction. The court of appeals directed the bankruptcy court to dismiss the complaint

because the contract contained a forum selection clause requiring the parties to resolve their dispute in a New York state court. The deference given to a forum selection clause is in the nature of an abstention and I see no practical distinction between such a clause and the jurisdiction retention clause involved here. Indeed, because the jurisdiction retention clause here is court directed, versus contract provided, a more compelling case is made for abstention by this bankruptcy court.

If this court were to exercise jurisdiction over the claims in the Debtor's Complaint it would subject the Settlement Agreement to possible inconsistent interpretations which would interfere with the District Court's rulings under the Settlement Agreement. Indeed, the District Court has already held that it cannot make a lease agreement for the parties pursuant to the terms of the Settlement Agreement; and specifically, it refused to hold that McMahon was entitled to a 10–year extension of the lease commencing October 1, 1993.[11] It is quite apparent that the Debtor is proceeding in this court in the hopes of obtaining an interpretation of the Settlement Agreement that is contrary to the District Court's interpretation of that agreement.

■ The Debtor's argument that this court should exercise jurisdiction because the rights under the Settlement Agreement are sought by it and not by McMahon individually, is to no avail for several reasons. First, the District Court did not limit its jurisdictional power over the Settlement Agreement to the specific parties to the agreement but reserved jurisdiction *"over all matters relating to the administration and effectuation of the Settlement."* Order at ¶ 10. (emphasis added). Second, even if the District Court limited its jurisdictional power to the parties of the Settlement Agreement, the Debtor concedes that it was at least a "de facto" party to the Settlement Agreement by averring that at all times the Debtor was contemplated as the true tenant of the leased prem-

---

11. Although the Debtor may argue that it was not a party to the District Court proceedings, the Debtor, in its Complaint, asserts that it is a third party beneficiary to the Settlement Agreement and therefore is in effect a "de-facto party" of the Settlement Agreement. *See* text *infra.*

ises, and by averring that the Debtor "is a third-party beneficiary of the Settlement Agreement." Complaint ¶ 19.

Because the declaratory relief sought in Count I calls for the "effectuation and administration" of the Settlement Agreement, a matter which remains in the jurisdiction of the District Court, I find that this court should abstain from exercising its jurisdiction over the matter.

Even if this court were to exercise its jurisdiction over Count I, granting such declaratory relief would contradict what the District Court judges have explicitly refused to do on three separate occasions, namely, make a lease agreement to the tenant's liking. Therefore, even if I did not dismiss this count on abstention principles, I question whether I could grant the relief requested because under the doctrine of collateral estoppel it seems that I would simply be revisiting an issue that the District Court has already addressed. In Count I, the Debtor prays for an order declaring that (a) the Debtor is the true benefactor and obligor under the Settlement Agreement, (b) the Debtor is the beneficial owner of the tenancy rights under the Settlement Agreement, and (c) the Debtor is entitled to a 10 year lease under normal business terms. Propositions (a) and (b) have not been addressed by the District Court or this court and a finding in favor of the Debtor on those two points might be appropriate. However, absent a finding in the Debtor's favor on proposition (c), the Debtor achieves nothing. The heart of the matter is proposition (c), and on that point the District Court has already advised the parties as to what it cannot do.

*Count II*

■ In Count II, the Debtor seeks injunctive relief pursuant to 11 U.S.C. § 105(a), enjoining the Landlord from evicting the Debtor from the leased premises. The Debtor's possessory interest in the leased property gives this court jurisdiction to consider Count II. A tenancy at sufferance is a possessory interest in real property within the scope of the estate in bankruptcy under 11 U.S.C. § 541. *In re Atlantic Business and Community Corp.,* 901 F.2d 325, 328 (3d Cir.1990). *Accord, In re Convenient Food*

*Mart No. 144, Inc. (Convenient Food Mart No. 144 v. Convenient Industries of America, Inc.),* 968 F.2d 592, 594 (6th Cir.1992). *See also, In re 48th St. Steakhouse, Inc.,* 61 B.R. 182, 186 (Bankr.S.D.N.Y.1986) (mere possessory interest in property falls within section 541), *aff'd,* 77 B.R. 409 (S.D.N.Y.1987), *aff'd* 835 F.2d 427, 430 (2d Cir.), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988). However, this count also falls within the District Court's reserved jurisdiction pursuant to the Settlement Agreement because it relates to the "effectuation and administration" of the Settlement Agreement. As with Count I, the Debtor is averring rights stemming from the Settlement Agreement. *See* Complaint ¶¶ 16, 22 & 30. Critical issues in determining whether to grant injunctive relief, such as whether an injunction will or will not prejudice the Landlord, cannot be adequately addressed because the lease rights under the Settlement Agreement are still being disputed between the parties. Any rights that the Debtor has under the Settlement Agreement stem directly from McMahon himself as a party to the Settlement Agreement and therefore are under the jurisdiction of the District Court. In the interest of justice, this court declines to disturb that jurisdiction.

*Count III*

■ In Count III, the Debtor seeks relief pursuant to the Delaware Landlord–Tenant Code, 25 *Del.C.* § 5109 (1993). I will also abstain from exercising jurisdiction over Count III because the relief sought relates to the "effectuation and administration" of the Settlement Agreement. Paragraph 34 of the Complaint specifically states that "[t]he Settlement Agreement sets forth all material terms of the tenancy and creates a rental agreement between the parties pursuant to § 5109 of the Delaware Landlord–Tenant Code." Complaint, ¶ 4. Again, any rights that the Debtor has under the Settlement Agreement stem directly from McMahon himself as a party to the Settlement Agreement and therefore are under the jurisdiction of the District Court.

■ Even if I were to exercise jurisdiction over Count III, I would dismiss that

count for failure to state a claim upon which relief can be granted.

 In determining whether a complaint should be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the court must limit its consideration to facts alleged in the complaint, exhibits attached to the complaint and matters of public record. *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, in its examination of the complaint, the court is required to accept all of the allegations contained therein and all inferences arising therefrom as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir.1989). If a plaintiff can prove any set of facts in support of his or her claim that would entitle them to relief, his complaint should not be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *D.P. Enterprises v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984).

 The Debtor asks for declaratory judgment specifically under section 5109 of the Delaware Landlord–Tenant Code.[12] One essential element to section 5109 is that the tenant sign and tender a lease agreement to the landlord. 25 *Del.C.* § 5109(a) (1989). The Debtor alleges no facts concerning this essential element nor is there any evidence in the records that the Debtor ever signed and tendered a lease agreement to the landlord. *See Holder v. City of Allentown*, 987 F.2d 188 (3d Cir.1993) (holding that "complaint will be deemed to allege sufficient facts if it is adequate to 'put the proper defendants on notice of the essential elements of plaintiffs' cause of action'") (citing to *District Council 47, AFSCME v. Bradley*, 795 F.2d 310, 313 (3d Cir.1986)). Thus, I believe that Count III fails to state a claim upon which relief can be granted. Moreover, even if the Debtor properly alleged this essential element in

Count III, I would still dismiss it. Under section 5109(c), any rental agreement given effect by the operation of this section creates only a one year term. 25 *Del.C.* § 5109(c) (1989). Because the Complaint states that the Settlement Agreement creates the rental agreement between the parties pursuant to Section 5109 and that the Settlement Agreement was issued on March 4, 1991; any rights arising under such agreement and section 5109 would have lapsed in 1992. Therefore, the Debtor fails to state a claim upon which relief can be granted because there are no facts in support of its claim that would entitle it to relief under section 5109. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

In summary, Counts I, II and III of the Complaint relate to effectuation and administration of the Settlement Agreement as to which the District Court specifically retained jurisdiction. As contemplated by 28 U.S.C. § 1334(c)(1), in the interest of justice, this court abstains from exercising jurisdiction over these causes of action.

While the Complaint is both procedurally and substantively wanting, I do not find it violative of Fed.R.Civ.P. 11(b)(2) and I therefore deny the Landlord's motion for sanctions.

### ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, the Debtor's Complaint is dismissed on the grounds of abstention. 28 U.S.C. § 1334(c)(1).

---

12. Section 5109 provides, in pertinent part:

> § 5109. Effect of unsigned rental agreement (a) If the landlord does not sign a written rental agreement which has been signed and tendered to him by the tenant, acceptance of rent without reservation by the landlord shall

give to the rental agreement the same effect as if it had been signed by the landlord ...
(c) Where the rental agreement which is given effect by the operation of this section provides by its terms for a term longer than 1 year, it shall operate to create only a 1–year term.
25 *Del.C.* § 5109 (1989).